# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Scott Kirby | * | Case No. 3:20-cv-1159 |
| 1180 Sandy Glen Rd. | | |
| Perrysburg, OH 43551 | * | Judge |
| Plaintiff, | * | Magistrate Judge |
| v. | * | |
| | | **COMPLAINT** |
| | * | |
| | | **JURY DEMAND ENDORSED HEREON** |
| The Davey Tree Expert Company | * | |
| C/O CT Corporation System, | | |
| Statutory Agent | * | |
| 4400 Easton Commons Way, Suite 125 | | |
| Columbus, OH 43219 | * | |
| Defendant. | | |

Now comes Plaintiff Scott Kirby ("Plaintiff" or "Mr. Kirby"), through undersigned counsel, for his complaint against The Davey Tree Expert Company ("Davey Tree" or "Defendant"), who hereby states as follows:

## PRELIMINARY STATEMENT

This action seeks compensatory, liquidated, and punitive damages, pre-judgment and post-judgment interest, costs, back pay, front pay, and attorney's fees under federal law against Defendant for disability discrimination and retaliation in violation of 42 U.S.C. § 12112, et seq., of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended ("ADAAA"). Plaintiff also seeks similar relief against Defendant for interference and retaliation under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002, *et seq.* Under Ohio law, Plaintiff also seeks compensatory, liquidated, and punitive damages, pre-judgment and post-judgment interest, costs, back pay, front pay, and attorney's fees against Defendant for disability discrimination and retaliation in violation of Ohio Revised Code § 4112, et seq.

**PARTIES**

1. Mr. Kirby is an individual who resides in the City of Perrysburg, Wood County, Ohio. During all times relevant hereto, Mr. Kirby was also an employee as defined by federal and state law, including but not limited to Ohio Revised Code Chapter 4112, and ERISA, 29 U.S.C. § 1002(6). He is also a "participant" as defined by ERISA, 29 U.S.C. § 1002(7), *et seq.*

2. Davey Tree is a domestic corporation, authorized to do business in Ohio, which conducts business in this judicial district and is engaged in the sale of professional tree care services throughout the region. Defendant employed Plaintiff from 1989 until 2019 in various capacities. As such, Davey Tree was an "employer" as that term is defined in Chapter 4112 of the Ohio Revised Code. Further stating, Defendant is an employer as defined by ERISA, 29 U.S.C. § 1002(5).

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990 and the Disabilities Amendments Act of 2008, 42 USC § 12101, *et seq.* This court has supplemental jurisdiction over Mr. Kirby's state law claims pursuant to 28 U.S.C. §1367 as his state law claims are so closely related to this federal law claims that they form the same case and controversy under Article III of the United States Constitution.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, Western Division.

## PROCEDURAL REQUIREMENTS

5. More than 180 days have passed since Mr. Kirby filed a formal Charge of Discrimination against Davey Tree with the Equal Employment Opportunity Commission ("EEOC"), Charge Number: 22A-2020-00759.

6. A Right to Sue was issued, which is attached hereto as Exhibit A, in accordance with 42 USC 2000e-5(f)(1).

7. Mr. Kirby has properly exhausted his administrative remedies pursuant to 29 CFR § 1614.407(b).

8. Mr. Kirby has filed this Complaint within 90 days of receipt of the Notice of Right to Sue letter concerning this charge. As such, Plaintiff has satisfied all procedural requirements prior to commencing this action.

## FACTUAL ALLEGATIONS

9. Plaintiff began his employment with Davey Tree in 1989. For decades, Mr. Kirby was a loyal employee to Davey Tree, which provides professional tree service for tree removal, tree trimming, tree planting and plant care throughout the region. From 1989 until 2019, Plaintiff worked for Davey Tree in various positions, most recently in its sales department in the Toledo, Ohio office.

10. During all times relevant, he was qualified to perform the essential functions of his position with or without reasonable accommodations and enjoyed a long career with Davey Tree, until events now at issue.

11. During the course of Mr. Kirby's employment with Davey Tree, he injured his shoulder permanently, which resulted in the commencement of a worker's compensation claim. This claim remains open and ongoing.

12. Due to the same, Mr. Kirby has limited use of his right shoulder, including but not limited to range of motion and in function. As such, Plaintiff is disabled because he suffers from a physical or mental impairment that substantially limits his ability to perform one or more major life function, including but not limited to: the use of his right shoulder and arm, lifting weight, and/or reaching overhead. Nevertheless, despite this, Plaintiff remains a "qualified individual" because he could perform the essential functions of his position with or without a reasonable accommodation.

13. In January 2019, via a meeting between Plaintiff and his supervisor, Davey Tree informed Plaintiff that he was being placed into a field position and would now be required to work as a landscaper rather than in the sales department. Plaintiff reminded Davey Tree that he could not use his right shoulder and requested reasonable accommodations at that time, including but not limited to a leave of absence until he could consult with his physician to determine what other accommodations might be necessary for the position. As an alternative, Mr. Kirby requested that he be provided with an alternative position, one that would not require overhead reaching and similar extensions. At his supervisor's request, Plaintiff and his supervisor discussed his ongoing medical care and prognosis, and the importance of his health insurance benefits due to ongoing costs affiliated with his care. Mr. Kirby was informed by Davey Tree that he would receive additional information from his supervisor in the near future concerning his requested reasonable accommodations.

14. Despite the foregoing, on January 8, 2019, Plaintiff learned that he had been terminated by Davey Tree, as his health insurance benefits had been cancelled. Plaintiff immediately contacted Davey Tree, as he believed this to be in error, particularly given his recent conversation with his

supervisor. Instead, he learned that he was no longer employed with the company and that the termination was not in error.

15. Faced with this information, Plaintiff reasonably commenced seeking out new employment to not only earn a living but also to secure health insurance coverage, among other similar benefits, due to his ongoing medical care. As evidenced by the filing of this lawsuit, Plaintiff remains damaged by Defendant's conduct now at issue.

## CAUSES OF ACTION

### COUNT I
### (ADA Discrimination – 42 U.S.C. § 12101, *et seq.*)

16. All the preceding paragraphs are realleged as if fully rewritten herein.

17. At all times material herein, Mr. Kirby was disabled, had a record of being disabled, or was perceived as being disabled, as defined in 42 U.S.C. § 12112, *et seq.*, of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended ("ADAAA").

18. Defendant knew that Plaintiff was disabled, had a record of a disability, and/or perceived him as disabled.

19. Despite his physical impairment, which qualifies as a disability, Mr. Kirby was able to perform the essentials functions of his job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

20. Defendant discriminated against Mr. Kirby because of his disability or perceived disability by taking the following non-exhaustive list of actions: (1) denying him reasonable accommodation(s); (2) disparate treatment in the terms and conditions of employment, including but not limited to benefits; (3) failure to engage with Plaintiff in the interactive process; (4) terminating Plaintiff; and (5) otherwise treating him less favorably than similarly situated

employees who after reasonable opportunity for discovery are not disabled, actual or perceived, nor have a record of a disability.

21. Given Plaintiff's decades of loyal service to Davey Tree since 1989, coupled with the fact that Defendant terminated Plaintiff in 2019 immediately after he engaged in protected activity and discussed his workplace restrictions with Davey Tree, including his ongoing medical care and treatment, it is plausible to infer that the reason for the termination was his disability, Defendant's perception of him as disabled, his record of being disabled, and/or in retaliation for requesting said accommodations.

22. As such, Defendant Davey Tree has violated 42 U.S.C. § 12101, *et seq.*, by discriminating against Mr. Kirby based on his actual or perceived disabilities or his record of being disabled.

23. As a direct and proximate result of Defendant's conduct, Mr. Kirby has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of benefits and other terms, privileges and conditions of employment for which Defendant is liable.

24. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT II
### (ADA Retaliation - 42 U.S.C. § 12101, *et seq.*)

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. Plaintiff engaged in protected activity by requesting a reasonable accommodation under the ADA in the form of a temporary medical leave, and/or placement in an alternative position, as his physician had cleared him to work in his sales position, not a field position that required overhead reaching and extensions required of professional tree care.

27. The request by Plaintiff was reasonable, particularly in light of his known injury to his shoulder and his decades of loyal service to Davey Tree.

28. Rather than accommodate Plaintiff, Defendant retaliated against Plaintiff by taking the following non-exhaustive list of actions: (1) denying him reasonable accommodation(s); (2) disparate treatment in the terms and conditions of employment, including but not limited to benefits; (3) failure to engage with Plaintiff in the interactive process; (4) terminating Plaintiff; and (5) otherwise treating him less favorably than similarly situated employees who after reasonable opportunity for discovery are not disabled, actual or perceived, nor have a record of a disability.

29. Given Plaintiff's decades of loyal service to Davey Tree since 1989, coupled with the fact that Defendant terminated Plaintiff in 2019 immediately after he engaged in protected activity and discussed his workplace restrictions with Davey Tree, including his ongoing medical care and treatment, it is plausible to infer that the reason for the termination was his disability, Defendant's perception of him as disabled, his record of being disabled, and/or in retaliation for requesting said accommodations.

30. By Defendant's foregoing omissions and commissions, Defendant has violated the ADA and unlawfully retaliated against Plaintiff for engaging in protected activity.

31. Defendant's foregoing actions were taken with a conscious disregard for the rights of Plaintiff, causing Plaintiff damages, including but not limited to stress, anxiety, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

32. Plaintiff is entitled to recover from Defendant his actual damages, interest thereon, punitive damages, attorneys' fees, costs, and other relief available under the ADA.

**COUNT III**
**(29 U.S.C. § 1140 – Interference with ERISA Rights under § 510)**

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. At all times relevant, Defendant was a "person" and/or an "employer" maintaining an "employee welfare benefit plan" to the extent that such plan was established or maintained for the purpose of providing their participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, among others mentioned in ERISA. *See* 29 U.S.C. § 1002, *et seq.*

35. At all times relevant, Plaintiff was a "participant" or "beneficiary" to an "employee benefit plan" or "plan" because health insurance benefits are within an "employee welfare benefit plan" as those terms are defined under ERISA.

36. Defendant had knowledge of Plaintiff's employee welfare benefit plan, which is a qualified plan under ERISA.

37. Upon Plaintiff's request for an accommodation in the form of a temporary leave of absence (to consult with his physician), Defendant became "self-insured" for Plaintiff's health insurance claims and costs in that it was obligated to cover claims out of its general assets.

38. As a result of becoming self-insured, as otherwise provided herein, Defendant paid out and/or was expected to directly cover the bulk of health insurance claims for Plaintiff, with insurance coverage for claims in the aggregate over $10,000 at this time alone due to his ongoing medical care, as otherwise provided herein.

39. Because of his continued medical care for a shoulder injury and associated medical costs, Plaintiff's medical bills under Defendants' health insurance program exceeded $10,000 and were expected to increase. Defendant was aware of this information as Plaintiff had provided Defendant

his entire treatment plan immediately before the termination of Plaintiff's employment and/or health insurance premiums as an employee.

40. Specifically, immediately prior to his termination, Plaintiff informed his supervisor, at his request, about his ongoing care and treatment, the costs for such care and the necessity of health insurance, and the requested reasonable accommodations otherwise described herein. Based on the foregoing conduct, Defendant terminated Plaintiff to intentionally interfere with ERISA protected benefits, namely health insurance benefits to which he was entitled as an eligible employee under the qualified health insurance plan under ERISA.

41. Defendant's foregoing actions were in direct violation of Section 510 of ERISA, 29 U.S.C. 1140, which specifically prohibits interference with, and adverse action against, an employee for exercising or attempting to exercise his protected ERISA rights.

42. As a direct and proximate result of Defendant's interference with Plaintiff's exercise of or attempt to exercise his rights under ERISA, Mr. Kirby has been damaged entitling him to recover the benefits of the plan due to him, enforce his rights under the terms of the plan, clarify his rights to future benefits, suffered a loss of wages and benefits, loss of future earnings and benefits, and lost time and money endeavoring to protect himself from Davey Tree's unlawful actions, emotional distress damages (including but not limited to mental anguish, depression, and anxiety due to Defendant's conduct), attorneys' fees and costs, and all other appropriate equitable relief to the fullest extent under ERISA.

## COUNT IV
### (29 U.S.C. § 1140 – ERISA Retaliation)

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. Under § 510 of ERISA, 29 U.S.C. § 1140, an employer is also prohibited from discharging, suspending, expelling, disciplining, or discriminating against a participant or beneficiary for

exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or for the purpose of interfering with the attainment of any right to which such participant may become entitled to under the plan.

45. As indicated above, Plaintiff engaged in protected activity when he exercised his rights under the plan to request an accommodation in the form of a temporary leave of absence (to consult with his physician). When he did, Defendant became "self-insured" for Plaintiff's health insurance claims and costs in that it was obligated to cover claims out of its general assets.

46. As a result of becoming self-insured, as otherwise provided herein, Defendant paid out and/or was expected to directly cover the bulk of health insurance claims for Plaintiff, with insurance coverage for claims in the aggregate over $10,000 at this time alone due to his ongoing medical care, as otherwise provided herein.

47. Because of his continued medical care for a shoulder injury and associated medical costs, Plaintiff's medical bills under Defendants' health insurance program exceeded $10,000 and were expected to increase. Defendant was aware of this information as Plaintiff had provided Defendant his entire treatment plan immediately before the termination of Plaintiff's employment and/or health insurance premiums as an employee.

48. Specifically, immediately prior to his termination, Plaintiff informed his supervisor, at his request, about his ongoing care and treatment, the costs for such care and the necessity of health insurance, and the requested reasonable accommodations otherwise described herein. Based on the foregoing conduct, Defendant terminated Plaintiff to intentionally interfere with ERISA protected benefits, namely health insurance benefits to which he was entitled as an eligible employee under the qualified health insurance plan under ERISA.

49. Defendant's foregoing actions were in direct violation of Section 510 of ERISA, 29 U.S.C. 1140, which specifically prohibits interference with, and adverse action against, an employee for exercising or attempting to exercise his protected ERISA rights.

50. As a direct and proximate result of Defendant's interference with Plaintiff's exercise of or attempt to exercise his rights under ERISA, Mr. Kirby has been damaged entitling him to recover the benefits of the plan due to him, enforce his rights under the terms of the plan, clarify his rights to future benefits, suffered a loss of wages and benefits, loss of future earnings and benefits, and lost time and money endeavoring to protect himself from Davey Tree's unlawful actions, emotional distress damages (including but not limited to mental anguish, depression, and anxiety due to Defendant's conduct), attorneys' fees and costs, and all other appropriate equitable relief to the fullest extent under ERISA.

51. In response, Defendant terminated Plaintiff after discovering his ongoing medical care and treatment, the costs associated with his treatment, and the length for his continued recovery.

52. Defendant's foregoing conduct against Plaintiff was for the specific purpose of discriminating against him because of his activity protected by § 510 of ERISA (29 U.S.C. § 1140).

53. As a result of Defendant's ERISA violations, Plaintiff has been damaged, including, but not limited to the lost wages and benefits, attorneys' fees and costs associated with exercising his rights, other appropriate equitable relief, and other benefits in the terms, conditions, and privileges of employment.

## COUNT V
### (Disability Discrimination - Ohio Revised Code § 4112.02, *et seq.*)

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. At all times relevant, Plaintiff was disabled, had a record of a disability, and/or perceived him as disabled as defined under Chapter 4112, *et seq.*

56. Despite his disabilities, Mr. Kirby was able to perform the essentials functions of his job with or without a reasonable accommodation, including but not limited to reasonable and definite medical leave and/or other accommodations as his physician would likely require. Accordingly, Plaintiff was an "otherwise qualified" individual.

57. Defendant discriminated against Mr. Kirby because of his disability by taking the following non-exhaustive list of actions, including, but not limited to: (1) denying him reasonable accommodation(s); (2) disparate treatment in the terms and conditions of employment, including but not limited to benefits; (3) failure to engage with Plaintiff in the interactive process; (4) terminating Plaintiff; and (4) otherwise treating him less favorably than similarly situated employees who after reasonable opportunity for discovery are not disabled, actual or perceived, nor have a record of a disability.

58. Given Plaintiff's decades of loyal service to Davey Tree since 1989, coupled with the fact that Defendant terminated Plaintiff in 2019 immediately after he engaged in protected activity and discussed his workplace restrictions with Davey Tree, it is plausible to infer that the reason for the termination was his disability, Defendant's perception of him as disabled, his record of being disabled, and/or in retaliation for requesting said accommodations.

59. As such, Defendant Davey Tree has violated Chapter 4112, et seq., of the Ohio Revised Code by discriminating against Mr. Kirby based on his actual or perceived disabilities or his record of being disabled.

60. As a direct and proximate result of Defendant's conduct, Mr. Kirby has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of benefits and other terms, privileges and conditions of employment for which Defendant is liable.

61. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

62. By Defendant's foregoing omissions and commissions, Defendant has violated Ohio Revised Code § 4112.02.

63. The Defendant's foregoing actions were taken with a conscious disregard for the rights of Plaintiff, causing Plaintiff to lose employment benefits, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses entitling him to reinstatement, and to recover his actual damages, interest thereon, punitive damages, attorneys' fees, costs, and other relief available under Ohio Revised Code Chapter 4112.

## COUNT VI
### (Retaliation - Ohio Revised Code § 4112.02(I))

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. Plaintiff engaged in protected activity by requesting reasonable accommodations under Ohio law in the form of a temporary medical leave, and/or placement in an alternative position, as Plaintiff's physician had cleared him to work in his sales position, not a field position that required overhead reaching and extensions.

66. Defendant knew that Plaintiff engaged in protected activity.

67. Once Plaintiff engaged in the foregoing protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions against Plaintiff, including, but not limited to: (1) denying him reasonable accommodation(s); (2) disparate treatment in the terms and conditions of employment, including but not limited to benefits; (3) failure to engage with Plaintiff in the interactive process; (4) terminating Plaintiff; and (4) otherwise treating him less favorably than similarly situated employees who after reasonable opportunity for discovery are not disabled, actual or perceived, nor have a record of a disability.

68. Given Plaintiff's decades of loyal service to Davey Tree since 1989, coupled with the fact that Defendant terminated Plaintiff in 2019 immediately after he engaged in protected activity and discussed his workplace restrictions with Davey Tree, it is plausible to infer that the reason for the termination was his disability, Defendant's perception of him as disabled, his record of being disabled, and/or in retaliation for requesting said accommodations.

69. By Defendant's foregoing omissions and commissions, Defendant has unlawfully retaliated against Plaintiff for engaging in protected activity.

70. Defendant's foregoing actions were taken with a conscious disregard for the rights of Plaintiff, causing Plaintiff damages, including but not limited to stress, anxiety, embarrassment, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

71. Plaintiff is entitled to recover from Defendant his actual damages, interest thereon, punitive damages, attorneys' fees, costs, and other relief available under Ohio Revised Code Chapter 4112.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant as follows:

(a) Ordering Defendant to reinstate Plaintiff;

(b) Ordering Defendant to pay monetary relief in an amount sufficient to compensate Plaintiff for the wages and benefits lost up to the time of his reinstatement;

(c) Order Defendant to pay monetary relief in an amount sufficient to compensate Plaintiff for his emotional distress, including pain and suffering;

(d) An Order for declaratory judgment that Defendant's policy or practice of refusing to engage in the interactive process violates the ADA and/or Ohio law;

(e) An Order for injunctive relief prohibiting Defendant from its continued implementation of the foregoing policy and/or practice against Plaintiff and all other employees;

(f) Awarding Plaintiff costs and reasonable attorneys' fees associated with this action;

(g) Ordering Defendant to pay monetary relief in the amount sufficient to compensate Plaintiff for future wages and benefits lost in the event reinstatement is not feasible;

(h) Ordering Defendant to pay Plaintiff compensatory damages;

(i) Ordering Defendant to pay liquidated damages in an amount equal to his compensatory damages;

(j) Order Defendant to pay punitive damages;

(k) Ordering Defendant to pay pre-judgment interest and post-judgment interest;

(l) Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

**BRYANT LEGAL, LLC**

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)